# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOIS JOCHINTO ORTA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>M. ARVIZA,<br><br>　　　　Respondent. | Case No. 1:23-cv-00588-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 11)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Lois Jochinto Orta is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the undersigned recommends that Respondent's motion to dismiss be granted and the petition be dismissed for lack of jurisdiction.

**I.**

**BACKGROUND**

On December 12, 1998, Petitioner was convicted of one count of conspiring to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and three counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 11 at 2.)[1] The sentencing court found Petitioner had suffered two prior felony drug

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1 convictions and sentenced Petitioner to three terms of life imprisonment and a consecutive
2 imprisonment term of 360 months. (ECF No. 11 at 2.) Petitioner is currently incarcerated at the
3 Federal Correctional Institution in Mendota, California. (ECF No. 1 at 1.) In the instant federal
4 petition for writ of habeas corpus, Petitioner asserts that he is "entitled to relief where the
5 predicate prior convictions used to enhance Petitioner['s] sentence from 15 years to mandatory
6 life are no longer, due to intervening change in the laws, qualifying predicate crimes." (ECF No.
7 1 at 5 (capitalization omitted).) In support of his claim, Petitioner relies on the First Step Act,
8 Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, 579 U.S. 500
9 (2016). (ECF No. 1 at 13, 18.) On September 15, 2023, Respondent filed a motion to dismiss for
10 lack of jurisdiction pursuant to Jones v. Hendrix, 143 S. Ct. 1857 (2023). (ECF No. 11.) On
11 October 30, 2023, Petitioner filed an opposition to the motion to dismiss. (ECF No. 14.)

**II.**

**DISCUSSION**

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). The Ninth Circuit has "consistently held that 'motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.'" Pinson v. Carvajal, 69 F.4th 1059, 1066 (9th Cir. 2023) (quoting Hernandez, 204 F.3d at 864). "Thus, in order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Hernandez, 204 F.3d at 865.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted). Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek

///

relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255(e).

In a recent decision, the Supreme Court held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Jones v. Hendrix, 143 S. Ct. 1857, 1864 (2023).

> Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all.

Jones, 143 S. Ct. at 1869.[2]

Here, Petitioner has filed a § 2241 petition pursuant to the savings clause in light of Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, 579 U.S. 500 (2016). In Descamps, the Supreme Court "granted certiorari to resolve a Circuit split on whether the modified categorical approach applies to statutes like § 459 that contain a single, 'indivisible' set of elements sweeping more broadly than the corresponding generic offense." 570 U.S. at 260. In Mathis, the question was whether the Armed Career Criminal Act, 18 U.S.C. § 924(e), "makes an exception to that rule when a defendant is convicted under a statute that lists multiple, alternative means of satisfying one (or more) of its elements." 579 U.S. at 503. Both Descamps and Mathis concern issues of statutory interpretation. Accordingly, the Court finds that Jones precludes Petitioner from bringing statutory Descamps and Mathis claims in a § 2241 petition pursuant to the savings clause. See Jones, 143 S. Ct. at 1864 (Section "2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition.").

---

[2] "[W]here intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority," the Ninth Circuit has held that "district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled." Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

To the extent Petitioner asserts that he is eligible for a sentence reduction under section 401 of the First Step Act, (ECF No. 1 at 15–16), the Court finds that Petitioner is not entitled to relief. The Ninth Circuit has held that "section 401 applies to pre-Act conduct only if the defendant's sentence had not yet been imposed as of the date of the Act's enactment" in December 2018. United States v. Williams, 837 F. App'x 507 (9th Cir. 2021) (citing United States v. Asuncion, 974 F.3d 929, 934 (9th Cir. 2020)). "Because [Petitioner]'s sentence was imposed . . . before the First Step Act was enacted, he is not entitled to be resentenced according to its reforms." Asuncion, 974 F.3d at 934. Further, "[t]o the extent [Petitioner] contends that non-retroactive application of section 401 violates the Equal Protection Clause of the Fifth Amendment, that argument is foreclosed." Williams, 837 F. App'x 507 (citing United States v. Baptist, 646 F.3d 1225, 1228–29 (9th Cir. 2011)).

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 11) be GRANTED and the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v.

Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 8, 2024**              /s/ Eric P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE