**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOIS JOCHINTO ORTA,<br><br>        Petitioner,<br><br>   v.<br><br>M. ARVIZA,<br><br>        Respondent. | No. 1:23-cv-00588-JLT-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 11, 16) |

    Lois Jochinto Orta is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    The magistrate judge issued Findings and Recommendations that concluded that the Court should grant Respondent's motion to dismiss and dismiss the petition for lack of jurisdiction. (Doc. 16.) Petitioner filed timely objections. (Doc. 17.)

    According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

    Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability ("COA") should issue. *See Harrison v. Ollison*, 519 F.3d

1

1   952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a
2   'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a
3   COA."). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a
4   district court's denial of his petition, and an appeal is only allowed in certain circumstances.
5   *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of
6   appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the
7   denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate
8   whether (or, for that matter, agree that) the petition should have been resolved in a different
9   manner or that the issues presented were 'adequate to deserve encouragement to proceed
10  further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting Barefoot v. Estelle, 463 U.S.
11  880, 893 & n.4 (1983)).

12  In the present case, the Court finds that reasonable jurists would not find the Court's
13  determination that the petition should be dismissed debatable or wrong, or that Petitioner should
14  be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.
15  Accordingly, the Court **ORDERS**:

16  1. The findings and recommendations issued on January 8, 2024 (Doc. 16) are
17     **ADOPTED IN FULL**.
18  2. Respondent's motion to dismiss (Doc. 11) is **GRANTED**.
19  3. The petition for writ of habeas corpus is **DISMISSED**.
20  4. The Clerk of Court is directed to **CLOSE THE CASE**.
21  5. The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **February 24, 2024**

UNITED STATES DISTRICT JUDGE

2